UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 7 PENSION FUND; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 7 ANNUITY FUND; TRUSTEES OF THE NEW ENGLAND ELECTRICAL WORKERS BENEFITS FUND; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 7 SUPPLEMENTAL HEALTH AND WELFARE FUND; TRUSTEES OF THE SPRINGFIELD ELECTRICAL JOINT APPRENTICESHIP AND TRAINING TRUST FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE LOCAL LABOR MANAGEMENT COOPERATION COMMITTEE; and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 7, <br>    Plaintiffs, <br>     v. <br><br> HS ELECTRIC INC., <br>    Defendant, <br><br> CHICOPEE HOUSING AUTHORITY, <br>    Reach-and-Apply Defendant, <br><br>    and <br><br> WESTFIELD BANK, <br>    Trustee. | Civil Action No. 25-30023-MGM |

MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT HS ELECTRIC INC.
(Dkt. No. 37)
October 9, 2025

MASTROIANNI, U.S.D.J.

    Plaintiffs, a labor management fund and a group of multi-employer benefit plans within the

meaning of § 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1002(37), filed this action against Defendant, HS Electric Inc., to recover contributions for fringe benefits and dues owed by Defendant pursuant to the terms of a collective bargaining agreement ("CBA") and the benefit plans administered by Plaintiffs. Defendant did not respond to the summons, and, on August 6, 2025, the clerk entered a default. On October 3, 2025, Plaintiffs filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1).

After a default has entered, the clerk must enter judgment upon the request of a plaintiff whose "claim is for a sum certain or a sum that can be made certain by computation," provided the plaintiff submits an affidavit stating the amount due and the defendant is not a minor or incompetent person. Fed. R. Civ. P. 55(b)(1); *see also Universitas Education, LLC v. Granderson*, 98 F.4th 357, 377 (1st Cir. 2024). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The requirement that a sum be certain or able to be made certain by computation is not met "when there is only a generalized statement of the amount due in plaintiff's complaint." 10A Wright & Miller, Federal Practice and Procedure § 2683 (4th ed. 2025). Plaintiffs' Complaint asserts Defendant "owes $67,821.75 in principal contributions and dues for work performed during the months of October through December 2024," additional principal contributions and dues for other work performed by Defendant's employees, "an as-yet unliquidated amount of interest, which continues to accrue, on the delinquent contributions owed but never paid to [Plaintiffs], as well as liquidated damages and attorneys' fees and costs." (Compl. Dkt. No. 1, ¶¶ 22-25.) As the amount of damages described in Plaintiffs' Complaint was neither certain nor able to computed from the information in the Complaint, Plaintiffs are not entitled to entry of default judgment under Fed. R. Civ. P. 55(b)(1).

Since the default judgment sought by Plaintiffs cannot be entered by the clerk, the court construes Plaintiffs' motion as a request for the court to enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). A default having entered against Defendant, the court accepts as true the facts alleged

in the complaint. *Libertad v. Sanchez*, 215 F.3d 206, 208 (1st Cir. 2000). The Complaint and the attached documents, including the CBA, establish Defendant's obligation to remit contributions to Plaintiffs, pay interest on late payments, pay interest and liquidated damages on unpaid contributions, and reimburse Plaintiffs for attorneys' fees and costs incurred to collect unpaid contributions. Plaintiffs' Motion for Default Judgment, supporting memorandum, and supporting affidavits describe the process by which the total amount of unpaid contributions was determined; detail the calculation of interest on late contributions and liquidated damages and interest on unpaid contributions; and include contemporaneous billing records for counsel. After reviewing these records, the court concludes Plaintiffs have sustained their burden of etablishing that they are entitled to recover from Plaintiff: (1) outstanding principal fringe benefit contributions and dues in the amount of $199,216.97; (2) interest on late-paid contributions in the amount of $183.27; (3) interest on contributions remaining unpaid on October 3, 2025 in the amount of $5,060.18; (4) liquidated damages in the amount of $18,991.14; and (5) attorney's fees and costs incurred to collect unpaid contributions in the amount of $36,999.29.

The court, therefore, ALLOWS Plaintiffs' Motion for Default Judgment (Dkt. No. 37). The Clerk is ordered to enter a judgment for Plaintiffs in the amount of $160,450.85. The current rate for post-judgment interest is 3.64%. This case may now be closed.

It is So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Mark G. Mastroianni  
　　　　　　　　　　　　　　　　　　　　　　　　MARK G. MASTROIANNI  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge